IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | Case No. 07-cr-10004 |
| TERRANCE SHAW, | |
| Defendant. | |

**GOVERNMENT'S REPSONSE TO EMERGENCY MOTION FOR REDUCED SENTENCE UNDER SECTION 404(b) OF THE FIRST STEP ACT**

Now comes the United States of America by John C. Milhiser, United States Attorney and Patrick D. Hansen, Assistant United States Attorney and as its response to the Defendant's Motion for a Reduced Sentence under Section 404(b) of the First Step Act, states as follows:

1. **The Defendant is Not Eligible For A Reduction Under the First Step Act**

The First Step Act allows, but does not require that the changes made to the penalty provisions for "covered offenses" (certain crack cocaine distribution offenses) in the controlled substance statutes § 841(b)(1)(A)(iii) and (B)(iii) by section 2 of the Fair Sentencing Act of 2010 may be applied retroactively. Specifically, § 404(a) of the First Step Act defines a covered offense as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentence Act of 2010 (Public Law 111-220; 124 Stat.

1

2372), that was committed before August 3, 2010." The conviction in this case does not fit that description because as explained herein, the Fair Sentencing Act (FSA) did not change statutory penalties for Terrance Shaw.

The offense conduct in this case, as outlined in the plea agreement (R.18)[1] and presentence report (PSR, R.20) is undisputed. Essentially, the police served a search warrant on defendant's residence where they seized 33.8 grams of crack and two loaded handguns. The defendant admitted to possession of each of them. (PSR ¶¶12-15)  He was indicted for the possession with the intent to distribute over 5 grams of crack in violation of 21 U.S.C. §841(b)(1)(B), as well as for being a felon in possession of a firearm in violation of 18 U.S.C. §922(g). (R.9) Because the government filed an information setting forth the defendant's prior controlled substance convictions (R.11), he faced a mandatory minimum sentence of 10 years for this charge.

The defendant entered pleas of guilty to both charges. (d/e 6/15/2009) The plea agreement clearly set forth the factual basis for each charge, including the admission that 33.8 grams of crack cocaine was seized from his house, and that "Shaw advised a Peoria MEG Agent and an FBI Agent that it was his crack cocaine…." (R. 18, p.12)  On October 12, 2007, this Court sentenced the

---

[1] Our citations to the record use the following abbreviations: "d/e" means "docket entry"; "R." followed by a number refers to a document or transcript in the record bearing that number on the district court's docket sheet.

2

defendant to a term of 262 months in prison for the crack cocaine charge, as well as 120 months on the firearm charge, with each sentence to run concurrently. (R. 23) The crack sentence was later reduced to 180 months. (d/e 5/15/2009) The defendant seeks to lower this yet again under the First Step Act.

The defendant's motion is based on the premise that his sentence was for a "covered offense." Because the Fair Sentencing Act did not change the statutory penalty provisions applicable to his offense, however, the government respectfully disagrees with this premise. If the penalty provisions in the FSA were applied retroactively, and he were to be sentenced "as if sections 2 and 3 of the Fair Sentencing Act of 2010 … were in effect at the time the … offense was committed", he would still be subject to a mandatory minimum term of 10 years imprisonment to life under 21 U.S.C. § 841(b)(1)(B) since this offense indisputably involved over 28 grams of crack cocaine.[2]

The government is aware of and recognizes that, as pointed out by the defendant, several district courts have held that the "charged offense", which is subject to review under the First Step Act cannot be constructively amended by the government[3], regardless of the obvious conclusion that had the Fair

---

[2] The argument that the First Step Act should still apply despite the possession of the higher amount of crack would be stronger had the finding of quantity been a product of "relevant conduct" or even had it been the subject of dispute. Nevertheless, the government does not concede that the First Step Act would apply in those instances.

[3] In addition to the cases cited by the defendant (d/e 117, p.5) courts in the Western District of Virginia and Southern Alabama have held that the First Step Act allows the reduction of a sentence notwithstanding the amount of crack involved in the original offense. *See United States v. Stanback*, ___ F.Supp.3d ___, 2019 WL 197445 (W.D. Va. 5/2/2019) and *United States v. Francis*, 2019 W.L. 1983254 (S.D. Ala. 5/03/2019).

Sentencing Act been in effect at the time of the offense, the charging document would have reflected the amount necessary to trigger the same penalties originally faced. One Court has called this the "indictment controls" theory. *See United States v. Blocker*, ___F.Supp.3d ___, 2019 WL 2051957 (N.D. Fla. 4/25/2019). Under this theory, "…the relevant question is not the amount of the crack actually involved in the offense of convictions, but only the amount that was charged in the indictment that led to the conviction." *Id.*

The government respectfully suggests that many of the cases cited by the defendant involve "relevant conduct" findings, while others ignore the underlying facts and put form over substance to reach the result. At least one other court has recognized that these cases give those sentenced prior to the implementation of the Fair Sentencing Act an unfair advantage over those with identical amounts of crack, charged following the passage of the FSA. For example, in *United States v. Haynes*, 2019 WL 1430125, at *2 (D. Neb. Mar. 29, 2019), the Court found that "the government charged the offense in Count II of the Indictment in accordance with the wording of the statutes as they existed at the time of the Indictment. If the Fair Sentencing Act had been in effect at the time of the Indictment, the underlying and undisputed facts demonstrate that the government still would have charged [defendant] under 21 U.S.C. § 841(b)(1)(B)(iii)."). *See also Blocker,* slip op. at 5 ("The indictment-controls theory

would not eliminate disparity, but instead would introduce enormous disparity in the opposite direction, giving earlier crack defendants a lower penalty range not available to later crack defendants") That is clearly the case with Mr. Shaw as well.  Using the amount of crack involved in the offense of conviction to gauge whether the conviction is for a "covered offense" is what the Northern District of Florida termed as the "offense-controls theory" and is the only logical way to apply the First Step Act.  *Id.*

The defendant in this case was caught with 33.8 grams of crack cocaine. Had the Fair Sentencing Act been in effect at the time of this crime, there should be no question that he would have again been charged using the correct statutory language in 21 U.S.C. § 841(b)(1)(B) since he was caught with over 28 grams of crack. The First Step Act should not give this defendant a benefit others charged for identical crimes after August 3, 2010.

2.      **This Court Should Use its Discretion to Deny The Request**

Should this Court disagree with the government's position that the First Step Act does not apply to this crime notwithstanding the amount of the crack possessed by this defendant, the government respectfully submits that it should use its discretion to deny the request for reduction as his current sentence is already below the requested guideline range. Since the defendant was found to be a "career offender" under chapter 4 of the sentencing guidelines, PSR ¶31, the

applicable adjusted offense level for his guideline calculations was a level 34. When calculated with a criminal history category of VI, the original sentencing guideline range was found to be 262-327 months. Because of a downward departure, this Court sentenced him to 180 months. Now, using the First Step Act to recalculate the range under the Fair Sentencing Act, and even presuming that the statutory maximum has changed to 40 years, the new applicable guideline level would be 31 (starting with level 34 and reducing 3 levels for accepting responsibility). Again, with a criminal history category of VI, the sentencing range under the Fair Sentencing Act would have been 188-235 months. A sentence of 180 months is already fewer months than the re-calculated guidelines would call for in a case of this severity. Nevertheless, the government does agree that a 10% adjustment from the 188 level may be warranted pursuant to the request made by the motion for a reduction filed in April 2009. (R.30)

The government submits that should this Court determine that the First Step Act applies, and should this Court determine that it would be appropriate to use its discretion to reduce the sentence, an appropriate reduction would be to 170 months.

WHEREFORE, the United States of America respectfully requests that this Court deny the defendant's Motion for Reduced Sentence Pursuant to Section

404 of the First Step Act. Alternatively, the government respectfully requests that this Court reduce the sentence to no less than 170 months.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

*/s/ Patrick D. Hansen*
Patrick D. Hansen
Assistant U.S. Attorney
U.S. Attorney's Office
318 South 6th Street
Springfield, IL   62701
Telephone: 217/492-4450
Patrick.hansen@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Thomas W. Patton.

*/s/ Patrick D. Hansen*
Patrick D. Hansen
Assistant United States Attorney
